UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LLOYD SPOTTED BLANKET,

    Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

No. 2:16-CV-00001-LRS

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,** *INTER ALIA*

**BEFORE THE COURT** are the Plaintiff's Motion For Summary Judgment (ECF No. 15) and the Defendant's Motion For Summary Judgment (ECF No. 20).

## JURISDICTION

Lloyd Spotted Blanket, Plaintiff, applied for Title XVI Supplemental Security Income benefits (SSI) on November 14, 2011, on which date he was 33 years old. The application was denied initially and on reconsideration. Plaintiff timely requested a hearing which was held on December 12, 2013 before Administrative Law Judge (ALJ) Moira Ausems. Plaintiff testified at the hearing, as did Vocational Expert (VE) Thomas Polsin. On April 10, 2014, the ALJ issued a decision finding the Plaintiff not disabled. The Appeals Council denied a request for review of the ALJ's decision, making that decision the Commissioner's final decision subject to judicial review. The Commissioner's final decision is appealable to district court pursuant to 42 U.S.C. §405(g) and §1383(c)(3).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 1**

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision, the Plaintiff's and Defendant's briefs, and will only be summarized here. At the time of the administrative hearing, Plaintiff was 35 years old. He has a high school education. He has past relevant work experience as a die casting machine operator, tree planter, cashier checker and construction worker.

## STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence...." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

A decision supported by substantial evidence will still be set aside if the proper

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 2**

legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

## ISSUES

Plaintiff argues the ALJ erred in: 1) finding the Plaintiff not credible; 2) not offering specific and legitimate reasons for rejecting the opinions of Elizabeth Topsky, M.D., regarding Plaintiff's limitations; 3) not offering specific and germane reasons for rejecting the opinions of Margaret Koepping, ARNP (Advanced Registered Nurse Practitioner), regarding Plaintiff's limitations; and 4) failing to include all of Plaintiff's limitations in the RFC (Residual Functional Capacity) determination.

## DISCUSSION
**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work but cannot, considering his age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. *Id*.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987). Step one determines if he is engaged

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 3**

in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. § 416.920(a)(4)(i). If he is not, the decision-maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step which determines whether the impairment prevents the claimant from performing work he has performed in the past. If the claimant is able to perform his previous work, he is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant cannot perform this work, the fifth and final step in the process determines whether he is able to perform other work in the national economy in view of his age, education and work experience. 20 C.F.R. § 416.920(a)(4)(v).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

//

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 4**

**ALJ'S FINDINGS**

The ALJ found the following: 1) Plaintiff has "severe" medical impairments, those being: lumbar degenerative disc disease; mild right knee degenerative joint disease; essential tremor; and non-specific white matter lesions of uncertain significance; 2) Plaintiff's impairments do not meet or equal any of the impairments listed in 20 C.F.R. § 404 Subpart P, App. 1; 3) Plaintiff has the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 416.967(a), with the caveat that he needs a sit/stand option once or twice per hour, for no more than five minutes, at the work station; 4) Plaintiff's RFC precludes him from performing his past relevant work, but allows him to perform other jobs existing in significant numbers in the national economy as identified by the VE, including hand packager, final assembler, cashier and charge account clerk. Accordingly, the ALJ concluded the Plaintiff has not been disabled at any time since November 14, 2011, the date of his application for SSI benefits.

**USE OF CANE/VE HYPOTHETICAL**

A hypothetical question posed to a vocational expert must "include all of the claimant's functional limitations, both physical and mental." *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995). *See also Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)("Hypothetical questions posed to a vocational expert must set out all the limitations and restrictions of the particular claimant[.]")(emphasis in original).

At the hearing, Plaintiff testified the cane he was using had been prescribed for him "last year" (AR at p. 47), presumably meaning 2012. He testified he uses the cane all of the time. (AR at pp. 48-49). In her decision, the ALJ found that although there were references in the treatment notes to Plaintiff using a cane, there was no indication the cane was prescribed until February 2014 (AR at p. 28), citing the neurological consultative examination conducted by Yashma Patel, M.D., at the

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 5**

Rockwood Neurology Center on February 10, 2014, at the request of ARNP Koepping. One of the problems Dr. Patel diagnosed was "Spinal Stenosis, Lumbar" for which the Plaintiff indicated he used a cane for stability. Plaintiff also indicated he had "leg shakiness after standing for too long." Due to the "risk of falls," Dr. Patel instructed Plaintiff to use a cane. (AR at p. 418).

According to the ALJ:

> [T]he claimant is able to stand/walk for two hours in an eight hour workday with a sit/stand option. This accounts for the abnormal objective findings in the right leg. The left leg symptoms resolved in a short time and even Ms. Koepping was not considering the claimant's left leg symptoms in her opinion. Ms. Koepping said the claimant must use a cane. However, Ms. Koepping had not prescribed a cane for the claimant and Dr. Nievera, who examined the claimant after December 2012, indicated the claimant did not require an assistive device. A cane was not prescribed until February 2014. Nonetheless, consideration was given for use of a cane in the above residual functional capacity by giving the claimant a sit/stand option.

(AR at p. 32).

In June 2013, ARNP Koepping completed a "Physical Residual Functional Capacity Questionnaire" in which she opined that Plaintiff would need a cane or other assistive device while engaging in occasional standing or walking. (AR at p. 382).

Conrad Nievera, M.D., performed a consultative examination of the Plaintiff on January 25, 2014, just shortly before Dr. Patel's examination. Dr. Nievera's examination was an MDSI Physician Services disability evaluation performed at the behest of the Social Security Administration. Dr. Nievera indicated that Plaintiff walked "independently with a very slight limp on the right" and "[n]o assistive device is used" (AR at p. 406), suggesting Plaintiff was not using a cane at that time. As part of his "Functional Assessment/Medical Source Statement," Dr. Nievera indicated "[n]o use of an assistive device," (AR at p. 407), suggesting it was his opinion that an assistive device, such as a cane, was not necessary for Plaintiff.

At the time of the hearing on December 12, 2013, Plaintiff had not yet seen

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 6**

either Dr. Nievera or Dr. Patel. In her hypothetical questioning of the vocational expert, the ALJ did not ask the VE to specifically consider Plaintiff's use of a cane. As the aforementioned quote from her decision indicates, the ALJ considered that limitation to be inherent in the sit/stand option she included as a limitation in the hypothetical questions she asked the VE. (AR at p. 68).

While there may remain some uncertainty in the record as to when Plaintiff's use of a cane became medically necessary, the ALJ acknowledged it was medically necessary by asserting that use of cane was considered in her RFC determination because of the sit/stand option included therein. The use of a "medically required hand-held assistive device" may "significantly erode" the occupational base for an individual who must us such a device. Social Security Ruling (SSR) 96-9p at *7.[1] If a claimant has a genuine medical need for a cane, such a limitation should be included in any hypothetical questioning of the VE.[2] Here, the RFC adopted by the ALJ did not include the use of a cane and the VE gave no testimony regarding whether the jobs he identified could be performed if Plaintiff required the use of a cane. The vocational effect of a cane restriction may vary as to each function an

---

[1] If a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded. On the other hand, the occupational base for an individual who must use such a device for balance because of significant involvement of both lower extremities (e.g., because of neurological impairment) may be significantly eroded. SSR 96-9p at *7.

[2] There is authority that a prescription or the lack of a prescription for an assistive device is not dispositive of the question of medical necessity. *Wright v. Colvin*, 2014 WL 5591058, at *4 (S.D. Ga. Nov. 3, 2014).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 7**

individual can perform. It may limit standing, walking, lifting, carrying, pushing or pulling. *Cano v. Colvin*, 2015 WL 10945616 (C.D. Cal. Jan. 26, 2015) at *4, citing *Worley v. Colvin*, 2014 WL 103777 (D. Colo. Jan. 10, 2014) at *5. In various cases, vocational experts have testified inconsistently regarding whether a person needing a cane could work as a marker, production line assembler, or electronics worker. *Id*. (citations omitted).

Some courts have not been persuaded that inclusion of a sit/stand option in a hypothetical to a VE renders harmless the failure to specifically include the claimant's need for a cane. In *Duncan v. Colvin*, 2016 WL 1253458 at *9-12 (N.D. Ga. March 31, 2016), the court noted that SSR 83-12 which addresses "Alternate Sitting and Standing" provides that "[i]n cases of unusual limitation of ability to sit or stand, a [VE] should be consulted to clarify the implications for the occupational base." The court questioned whether the need for use of cane, even if only occasionally, and the inability to balance might be considered an "unusual limitation of ability to sit or stand." The court remanded the matter for further proceedings. See also *Steigerwald v. Commissioner of Social Security*, 2013 WL 5330837 (N.D. Ohio, Sept. 23, 2013)(remanding the matter where ALJ's hypothetical included sit/stand option but did not include the claimant's need for a cane).

In the instant case, the medical record, in particular the report of Dr. Patel, suggests Plaintiff needs a cane all of the time and for balance purposes. It is less clear, however, when that became the case. As noted (n. 2 *supra*), there is authority that a prescription or the lack of a prescription for an assistive device is not dispositive of the question of medical necessity and while SSR 96-9p refers to the necessity of "medical documentation" in order to establish the need for a hand-held assistive device, it says nothing about the necessity of a prescription. On remand, the ALJ will make a finding regarding the circumstances under which Plaintiff's use of a cane is necessary and when it became necessary. That finding will be included in

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 8**

the hypothetical the ALJ presents to the VE to ascertain whether there are other jobs existing in significant numbers in the national economy which the Plaintiff is capable of performing.

Social security cases are subject to the ordinary remand rule which is that when "the record before the agency does not support the agency action, . . . the agency has not considered all the relevant factors, or . . . the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Treichler v. Commissioner of Social Security Administration*, 775 F.3d 1090, 1099 (9th Cir. 2014), quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S.Ct. 1598 (1985). Where the ALJ makes a legal error, but the record is uncertain or ambiguous, the proper approach is to remand for additional agency or explanation. *Id*. at 1105.

At this juncture, the court will not address Plaintiff's other assignments of error regarding credibility and evaluation of medical opinions, however, if necessary, those assignments may be reasserted on any future appeal following the conclusion of the additional administrative proceedings.

## CONCLUSION

Plaintiff's Motion For Summary Judgment (ECF No. 15) is **GRANTED** and Defendant's Motion For Summary Judgment (ECF No. 20) is **DENIED**. The Commissioner's decision is **REVERSED**. Pursuant to sentence four of 42 U.S.C. §405(g) and § 1383(c)(3), this matter is **REMANDED** to the Commissioner for further development of the record as set forth above. An application for attorney fees may be filed by separate motion.

///

///

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 9**

**IT IS SO ORDERED.** The District Executive shall enter judgment accordingly and forward copies of the judgment and this order to counsel of record.

**DATED** this   22nd   day of May, 2017.

*s/Lonny R. Suko*
LONNY R. SUKO
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 10**